PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* BUENAVENTURA GONZÁLEZ, Defendant and Appellant.

No. 3890.   Argued July 22, 1929.—Decided July 26, 1929.

*Felipe Colón,* for appellant.   *R. A. Gómez,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Buenaventura González was charged with carrying a *machete,* a prohibited weapon under the statute.   (*People* v. *Rivera,* 35 P.R.R. 499; *People* v. *Franco,* 36 P.R.R. 956 [*per curiam* decision].)   He denied the charge.   The case went to trial, and it was shown by the prosecution that policeman Benito Alvelo took a *machete* from defendant, who had been wounded and was at the time sitting on the first step of a staircase leading to his country home, which first step rests on a side culvert of a public highway.   It was also shown that the defendant shortly before had gone with his *machete* to the front of the house of Rafael Pérez, who was sitting inside the house, and wounded him, a fight then ensuing in which the defendant was also wounded.   Defendant in his testimony admitted the facts as to the seizure of the weapon at the place mentioned and as to the fight, but he insists that he was coming from work in another farm which belonged to him and was using the *machete* as usual in his work, and

that the first step of his staircase should be considered as within his own farm.

After hearing the evidence and the argument of counsel, and when proceeding to read the judgment, the trial court said:

"The court would subscribe to each and every legal proposition advanced by counsel for the defendant. The law is as he states; it has been so decided by the Supreme Court. But the evidence in this case shows something that places it outside the scope of the decisions of the Supreme Court. It is the fact, clearly shown by the evidence, that the defendant went in search of the person who was wounded, carrying this weapon, which, although a working implement—and so regarded within the farm and at certain times—yet if carried by one who leaves his own premises, crosses the highway and goes out in search somebody, it becomes a prohibited weapon; and such person is not protected by the decisions of the Supreme Court limiting the scope of the Act forbidding the carrying of weapons. In the opinion of this court defendant herein has committed the crime of carrying weapons, because he was carrying this one unlawfully."

The defendant appealed from the judgment and in his brief he insists that he was lawfully carrying the weapon. He cites in support of his contention the case of *People* v. *Segarra*, 36 P.R.R. 103.

In our opinion the appellant is wrong. In the case he invokes this court said:

"The defendant was accused and convicted of carrying a prohibited weapon, namely, a machete. Upon rendering its judgment the district court said:

" 'While the defendant carried the weapon in pursuit of his regular business he was within the law and, therefore, was carrying it lawfully; but as soon as he used it for other purposes, even though he was on the property in his charge, he was carrying it unlawfully, or for purposes of offense and defense. The court is of the opinion that under these circumstances it should, as it does, find the defendant guilty of the crime of carrying prohibited weapons and sentences him to 45 days in jail, without costs.'

"We agree with the *fiscal* of this court that the evidence only

tended to show that the defendant was carrying the weapon in pursuit of his regular business. We can not agree with the court that the illegal use of the machete made defendant guilty of carrying a weapon as prohibited by law. If defendant unduly used his weapon he was guilty of a crime, but not the one charged.

"Under reasoning of the court any officer or other licensed person authorized to carry arms would be similarly guilty if he used his weapon in undue fashion. The prohibition is for illegal carrying and not for an improper use."

We ratify what we there said. But Segarra always acted within his farm, while in the present case, both at the time the weapon was taken from him as when he went to the house of Pérez and fought with him, the defendant was outside his farm.

Surely it will not occur to anybody to bring a criminal complaint against a farmer, who peacefully crosses, or travels along, a public highway in the regular and ordinary course of his work carrying an instrument of labor; but if such farmer carries the instrument for purposes of offense, the instrument is a weapon within the statute, and, since he is found outside his own house or farm, his liability is clear.

The judgment appealed from must be affirmed.